UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CONNERY O. ISAACS,

        Plaintiff,

v.

THE CITY OF HOLLYWOOD (WATER TREATMENT PLANT),

        Defendant.
_____/

## COMPLAINT

Plaintiff, **Connery O. Isaacs** (hereinafter referred to as "Plaintiff" or "Mr. Isaacs"), by and through his undersigned attorney, **sue** Defendant The City of Hollywood (Water Treatment Plant), (hereinafter referred to as "Defendant" or "City") for damages in excess of $ 75, 000 for violations of his civil rights occurring during his employment relationship with Defendant. Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA"). the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981").

1

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq*. This action arises under 42 U.S.C. Sections 1981 and 1981a.

2. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

3. Plaintiff has exhausted his administrative remedies. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"); (See Attached Exhibit "A"), based upon Race. Plaintiff initiated this action within ninety days of receipt of the Notice of Right to Sue on filed charges. All conditions precedent have been fulfilled under Section 768.28 (See Attached Exhibit "B").

4. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Southern District of Florida.

## PARTIES

5. The causes of actions contained in this complaint accrued in Broward County, Florida, within the purview of the Southern District of Florida.

6. Defendant is duly organized under the City of Hollywood and exists under the laws of the State of Florida, which can be sued under Fla. Stat. 768.28.

7. The violations described in the complaint resulted from the policies,

customs, patterns, and practices of named government agencies and employees,

## FACTUAL ALLEGATIONS

8. At all times material hereto, Plaintiff, an African-American has been employed by Defendant since 2013, and has held the Mechanic I position since he began his employment at the Water Plant of the City of Hollywood.

9. The Plaintiff has been passed up prior to the current charge of discrimination filed in this instant case, due to his race and not his abilities and training at work.

10. The Plaintiff has received above satisfactory performance reviews through-out his tenure; and one write-up, which was refuted by the Plaintiff for missed shift, but at the time the Plaintiff was out due to an severe illness.

11. The Plaintiff received high marks prior to beginning his career with the Defendant, with the ATI Career Training Center; and with the City received certificates for Safety Training; OSHA training; Bobcat Training; Defensive Driving Training; Electrical Safety Training; Confined Space training; Hearing Protection Training; Numerous Fork Lift Operations; NSC CPR Course; NSC First Aid Course; and numerous awards from the City.

12. The Plaintiff as a Mechanic I prior to his instant charge was in charge of completing with a Mechanic II employee a job known as "Silo #5"; once which the Plaintiff was advising the Mechanic II had to perform and complete this job.

13. The Plaintiff had the qualifications to be a Mechanic II, yet when he

applied to the Mechanic II position, and did not receive it. The employee who received it was a Hispanic, Yunior Perez Aleman ("Yunior") a 24 year old at time, who had less experience than the Plaintiff. In fact, prior to applying in 2019 for the Mechanic II position, the Plaintiff trained Yunior on various assignments.

14. The Plaintiff's Manager at that time was a Hispanic, Carlos Aguilera, who favored moving up the ranks Hispanics, and passing up African-Americans such as Plaintiff, and Phillip Meadows, who quit over the lack of promotion for African-Americans, and favoring Hispanic employees.

15. The Plaintiff, even after the charge was filed, was passed up again, this time for a position known as "Chief Utility Mechanic", which was offered to Yunior, which now with less than one-year as a Mechanic II, and yet given a "fast-rise" in promotions with leaving the Plaintiff in rear view mirror, and to be at a stand-still with his career over ten years in same position, as a Mechanic I, even though his qualifications said more.

16. A third Mechanic II position, which was given to a Hispanic, Jose Morana, in 2022, and passed up on Plaintiff, once again.

17. The Hispanic Managers throughout Plaintiff's career, and those that led to the charge in this matter, discriminated against the Plaintiff, and other African-Americans, and favored Hispanics for opportunities and causing the careers of hard working men, to dwindle and become non-existent with the City, with no promotions to move up the chain of command.

18. The loss of opportunities for the Plaintiff to move up the chain from

his current Mechanic I position to other positions (Mechanic II and Chief Utility Mechanic), caused substantial loss of salary over many years, and increased exposure for opportunities within the City, all because of his race.

19. The Plaintiff was subject to an adverse action by the Defendant.

20. The Plaintiff was treated less favorably than his similarly situated comparators.

21. The Plaintiff is responsible for reasonable attorney fees.

## COUNT I

### DEFENDANTS HAVE VIOLATED TITLE VII
### (Disparate Treatment)

22. Plaintiff adopts and re-alleges paragraphs 1-21 above as if incorporated herein.

23. Plaintiff is a member of a protected class because of his race.

24. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

25. Defendant treated Plaintiff with disparate treatment in the terms and conditions of his employment as outlined in paragraphs 8-20 above.

26. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff as outlined in paragraphs 8-20 above.

27. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise

5

to adversely affect his status as an employee as outlined in paragraphs 8-20 above.

28. The unlawful employment practices complained of were intentional as outlined in paragraphs 8-20 above.

30. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights as outlined in paragraphs 8-20 above.

31. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

### (DISPARATE TREATMENT-FAILURE TO PROMOTE)

32. Plaintiff adopts and re-alleges paragraphs 1-21 above as if incorporated herein.

33. Defendant discriminated against Plaintiff because of his race, in violation of the FCRA.

34. That the Defendant treated Plaintiff with disparate treatment in the terms and conditions of his employment as outlined in paragraphs 8-20 above.

35. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of FCRA by disparate treatment of Plaintiff as outlined in paragraphs 8-20 above .

36. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as previous employee as outlined in paragraphs 8-20 above.

37. The unlawful employment practices complained of were intentional as outlined in paragraphs 8-20 above.

38. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's state protected rights as outlined in paragraphs 8-20 above.

39. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will

7

continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

### 42 U.S.C. SECTION 1981-EQUAL RIGHTS UNDER THE LAW

40. Plaintiff adopts and re-alleges paragraphs 1-20 above as if incorporated herein.

41. Defendant discriminated against the Plaintiff because of his race as Black/African-American in violation of 42 U.S.C. Section, by creating, tolerating and fostering a race hostile and abusive work environment. 1981 " protects individuals from discrimination based Race in making and enforcing contracts, participating in lawsuits, and giving evidence." The Plaintiff was subjected to numerous breaches of his employment due to his race and in violation of 1981 by Defendant failing to treat Plaintiff without discriminatory basis as outlined in paragraphs 8-20 above.

That his comparators were not treated like the Plaintiff as described in as outlined in paragraphs 8-20 above.

42. The Plaintiff was not provided the same terms, conditions and privileges

as their Caucasian and Hispanic comparators as outlined in paragraphs 8-20 above.

43. The Defendant has intentionally discriminated against Plaintiff in violation of 1981 by disparate treatment of Plaintiff, and violation of his protected rights as defined under 1981 based upon his race as outlined in paragraphs 8-20 above.

44. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee because of his race as outlined in paragraphs 8-20 above.

45. The unlawful employment practices complained of were intentional as outlined in paragraphs 8-20 above.

46. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's federally protected rights as outlined in paragraphs 8-20 above.

47. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, , attorney's fees and costs, together with such other relief as this Court deems just and proper.

## VERIFICATION CLAUSE

STATE OF FLORIDA.        )

COUNTY OF _____ )

    BEFORE ME, the undersigned authority, personally appeared CONNERY O. ISAACS who, after being duly cautioned and sworn, deposes and says that he/she has read the above Complaint attached hereto and the information contained in the Complaint is true and correct.

                                                            _____
                                                             Connery O. Isaacs

The foregoing instrument is sworn to and subscribed before me this _____ day

Of _____, 2022, by CONNERY O. ISAACS, who is

       1. _____ Personally known to me.

       2. _____. Who has produced the following as identification:

                 _____

Given under my hand and official seal this _____ day of _____, 2022.

                                                             _____
                                                             Notary Public State of Florida at Large

**My Commission Expires**

**DATED OCTOBER 17, 2022**

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demand a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

Discrimination Law Center, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.

By: /s/Jay F. Romano
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2019-05310 |
|---|---|---|

Florida Commission On Human Relations                                                    and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Connery O. Isaacs | (305) 934-2639 | 1972 |

Street Address: 2510 Mayo St., Broward, Hollywood, FL 33020

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE CITY OF HOLLYWOOD WATER TREATMENT PLANT | 500 or More | (954) 921-3519 |

Street Address: 3441 Hollwood Blvd, Hollywood, FL 33021

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

Street Address:

DISCRIMINATION BASED ON *(Check appropriate box(es))*
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-23-2019    Latest: 01-23-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a Black individual. I began my employment with the City of Hollywood in February 2008. My current position held is as a Plant Mechanic I in the City of Hollywood's Water Treatment Plant. I report to Fred Gary (Chief Mechanic). In January 2019 I applied and was qualified for a Mechanic II position. Two less qualified individuals outside of my protected category were selected instead of me. I was not selected because of my race, Black.

The reason given to me for not being selected was because I did not interview as well as Junior L/N/U (Mechanic I) and Joseph M (Mechanic I) however this is being used to cover-up discrimination. I am more experienced and qualified for the position in question.

I believe I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/22/19
Date / Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EX "A"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/04/2022

**To:** Mr. Connery O. Isaacs
2510 Mayo St. Broward
HOLLYWOOD, FL 33020
Charge No: 510-2019-05310

EEOC Representative and email:   Edgar Cole
Investigator
Edgar.Cole@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2019-05310.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
08/04/2022

Roberto Chavez
Acting Director

**DISCRIMINATION LAW CENTER PA**
**A PRIVATE LAWFIRM**
433 PLAZA REAL
SUITE 275
BOCA RATON, FLORIDA 33432
(561) 271-1769

**NOTICE OF CLAIM TO GOVERNMENTAL ENTITY**

OCTOBER 15, 2022

| | |
|---|---|
| Florida Dep't of Financial Services<br>200 East Gaines Street<br>Tallahassee, FL 32399<br>2900 Apalachee Parkway | Governor Ron DeSantis's<br>Office of Governor Highway Safety<br>State of Florida<br>400 S. Monroe Street<br>Tallahassee, FL 32399-0001 |

Re: Our Client:   Connery O. Isaacs
     Incident:   Discrimination City of Hollywood (Water Treatment Plant)
     Date:   2019-present failure to promote/race-age

To whom it may concern:

Please be advised pursuant to the requirements of Section768.28, Florida Statutes, that a claim is being made on behalf of Connery O. Isaacs, Individually, against CITY OF HOLLYWOOD, and any and all other Representatives, agents, investigators and personnel due to their violations of both State and Federal claims and unlawful actions which include but are not limited to, under the Title VII and Florida Civil Rights Act.

As required by Florida Statutes Section 768.28 (C), the following information is also provided:

Claimant's date of birth: 1972, June 16
Claimant's place of birth:  United States
Claimant's Social Security number: *~~[redacted]~~

Ex "B"

Adjudicated penalties, fines, fees, victim restitution fund, and other judgment in excess of $300.00 owed by claimant, , individually, to the state, its agency, office or subdivision: None.

A copy of the Notice is being provided to The Department of Financial Services.

We will appreciate your prompt attention to this matter so that we can attempt to resolve it.

Very truly yours,

Jay F. Romano