UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61965-RUIZ/STRAUSS

**CONNERY ISAACS,**

      Plaintiff,

v.

**CITY OF HOLLYWOOD,**

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant's Motion to Determine Entitlement to Attorneys' Fees ("Motion"). [DE 53]. The Motion has been referred to me to take all action as required by law. [DE 59]. I have reviewed the Motion, the Response [DE 57] and Reply [DE 58] thereto, and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** the Motion be **GRANTED**.

**BACKGROUND**

Plaintiff initially filed suit against Defendant in October 2022. [DE 1]. The Complaint contained three counts, alleging racial discrimination in violation of Title VII (Count I), the Florida Civil Rights Act ("FCRA") (Count II), and 42 U.S.C. § 1981 (Count III), largely based on Defendant denying him promotions in favor of others. *See id.* On January 31, 2023, Plaintiff filed his First Amended Complaint, adding a retaliation claim to the counts from his original Complaint. [DE 24]. Specifically, the new retaliation count alleged that, in January 2023, Defendant again denied Plaintiff a promotion as a result of Plaintiff having filed this action. *Id.* ¶¶ 9, 56. The case

1

progressed with little docket activity until Defendant moved for summary judgment on October 16, 2023. [DE 38].

Although Plaintiff filed a response to the motion for summary judgment, Plaintiff failed to respond to Defendant's Statement of Material Facts or file one of his own, in contravention of Local Rule 56.1. [DE 49] at 2. Due to Plaintiff's failure to comply with the Local Rule and Federal Rule of Civil Procedure 56, the Court deemed admitted the facts that Defendant submitted that were supported by properly cited record evidence. *Id.* at 4. The Court granted Defendant's motion for summary judgment, based on the following facts.

Plaintiff has worked for Defendant since 2012 as a full-time Treatment Plant Mechanic I. *Id.* at 5. Defendant issued Plaintiff three written reprimands during the course of his employment. *Id.* In December 2018, Defendant advertised an opening for Treatment Plant Mechanic II. *Id.* Plaintiff applied for the position but failed the oral examination that accompanied the application and was subsequently denied the promotion. *Id.* Defendant then posted an available position for Chief Utility Mechanic in 2019. *Id.* Plaintiff applied for that position, but Defendant again denied him promotion. *Id.* at 6. Finally, in November 2022, Defendant advertised an opening for Treatment Plant Mechanic II. *Id.* Plaintiff applied for this position, but Defendant chose another applicant. *Id.*

After Defendant first denied Plaintiff the promotion in 2019, Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"). *Id.* The EEOC dismissed Plaintiff's charge after determining that Plaintiff's claims of discrimination were unfounded. *Id.* In 2023, Plaintiff filed another charge with the EEOC asserting that Defendant discriminated against him by not promoting him, for the third time, due to Plaintiff's

lawsuit against Defendant. *Id.* The EEOC did not make any findings but issued Plaintiff a Notice of Right to Sue. *Id.*

In granting summary judgment, the Court first examined Plaintiff's discrimination claims (Counts I–III). The Court noted that, "Plaintiff himself has acknowledged he has no direct evidence of discrimination." *Id.* at 10. As a result, Plaintiff had to rely on circumstantial evidence to establish his discrimination claims. *Id.* However, Plaintiff could not demonstrate a triable issue of fact as to circumstantial evidence. *Id.*

The Court found that Plaintiff failed to establish a *prima facie* case under the *McDonnell Douglas*[1] framework because he did not raise "an issue of fact as to whether his employer treated 'similarly situated' employees outside his class more favorably as to the promotion process." [DE 49] at 10. For his comparators, Plaintiff offered the three employees Defendant promoted over Plaintiff. Plaintiff plainly stated, "without a scintilla of evidence or a hint of citation in support," that those "comparators failed to meet the qualifications for these promotions over [P]laintiff." *Id.* Nothing in the record, however, indicated that those comparators had similar histories of interpersonal conflicts. *Id.* at 11. Notably, unlike Plaintiff, two of the comparators did not have any disciplinary actions or documented negative interactions with coworkers. *Id.*

Additionally, the Court concluded that Plaintiff failed to establish a "convincing mosaic" of circumstantial evidence that would permit a jury to infer intentional discrimination by Defendant. *Id.* at 12. Plaintiff did not produce any evidence that Defendant's agents' actions were racially coded or that Defendant engaged in systematically better treatment of similarly situated employees. *Id.* Moreover, Plaintiff admitted that he did not hear any racially charged statements

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

while working for Defendant. *Id.* Consequently, the Court held that Defendant was entitled to summary judgment on Counts I, II, and III. *Id.* at 13.

Lastly, the Court evaluated Plaintiff's retaliation claim (Count IV). The Court found that Plaintiff's argument in his Response to Defendant's summary judgment motion amounted to an amendment of his claim, basing the alleged retaliation on his report to human resources rather than the filing of the instant lawsuit. *Id.* at 14. Due to the late stage of the case, the Court did not permit Plaintiff to amend his theory of the case and instead only considered evidence "in support of a connection between the alleged retaliation and the filing of the present lawsuit." *Id.* Plaintiff's retaliation claim failed because he failed to demonstrate "a causal connection between the filing of this lawsuit and his failure to be promoted in January 2023." *Id.* Furthermore, Plaintiff did not prove that retaliation was the but-for cause of the employment action. *Id.* at 15. As a result, the Court found that Defendant was entitled to summary judgment on Count IV.

After securing a final judgment in its favor, Defendant now moves this Court to determine whether it is entitled to an award of attorney's fees. [DE 53].

## ANALYSIS

### I. Bifurcation of Entitlement to Fees and Quantification of Fees

As a threshold matter, Plaintiff contends that the Court should deny the Motion because Defendant did not first move to bifurcate the issue of entitlement and amount of fees. [DE 57] at 1–3. Local Rule 7.3(a) states that a party "may move the Court to determine entitlement prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a). However, Defendant did request for the Court to bifurcate the issue in its Motion. [DE 53] at 1 n.1. While light on substance as to why the Court should bifurcate the issue, I find that, in this case, bifurcating entitlement from quantification of fees will save judicial resources and promote judicial economy. Therefore, I

4

recommend granting Defendant's Motion to Bifurcate the Issue of Entitlement to Fees and Quantification of Fees.

## II.     Entitlement

Defendant is entitled to an award of attorney's fees. Generally, litigants are not entitled to an award of attorney's fees for prevailing in litigation. Nevertheless, under Title VII and the FRCA, courts, in their discretion, "may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of sections . . . 1981 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); § 760.11(5), Fla. Stat. (2022) ("In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.").

A court may award a prevailing defendant in a Title VII case attorney's fees if the court finds the plaintiff's claim to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The court need not find that the plaintiff brought his claim in bad faith. *Id.* at 421. Rather, a finding of "frivolousness, one that falls just short of subjective bad faith," will suffice. *Stone v. Hendry*, No. 17-14177-CIV, 2020 WL 2771701, at *2 (S.D. Fla. May 26, 2020). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

Frivolity is determined on a case-by-case basis. *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1301–02 (11th Cir. 2021). In making a frivolity determination, courts focus

on "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* at 1302 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).  For decades, the Eleventh Circuit has considered at least three factors relevant to determining frivolity in this context: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits." *Id.* (quoting *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)).  The *Sullivan* factors, however, are "general guidelines only, not hard and fast rules." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189).  Furthermore, in recent years, the Eleventh Circuit has confirmed that a fourth "particularly important" consideration is "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz*, 13 F.4th at 1302.

After considering the four factors the Eleventh Circuit identified, as well as the facts and circumstances of this case, I find that Plaintiff's claims were frivolous – or at least clearly became so by the close of discovery.  Three, and arguably all four, of the relevant factors support a finding of frivolity.  And the one factor that is arguable is, at best for Plaintiff, neutral.  The first and third factors – whether the plaintiff established a prima facie case and whether the trial court dismissed the case prior to trial on the merits – weigh in favor of Defendant.  The Court found that Plaintiff failed to establish a *prima facie* case as to all four of his claims, and the case was disposed of at summary judgment.  [DE 49].

The second factor – whether the defendant offered to settle – is less clear.  In its Motion, Defendant states that Plaintiff made settlement demands "on an almost weekly basis" but Defendant "did not offer any sum of money to Plaintiff." [DE 53] at 6.  In his Response, Plaintiff

states that the parties engaged in a three-hour mediation where they had settlement discussions. [DE 57] at 4–5. However, Defendant asserts that the mediation was court-ordered, and the rules required Defendant to mediate in good faith. [DE 58] at 3. Defendant further proffers that it cannot recall if Defendant made any offer to Plaintiff during the court-ordered mediation but that if it had, it was a *de minimus* offer far from Plaintiff's demands. *Id.* at 3 n.2.

"[T]he amount of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity." *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005). When there is an "absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party." *Id.* Plaintiff does not provide any information indicating the amount of Defendant's purported settlement offer. Defendant, while not providing any evidence, asserts that if it did make a settlement offer during court-ordered mediation, it was merely *de minimus*. [DE 58] at 3 n.2. A low or *de minimus* offer arguably weighs against Plaintiff. *See Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 886 (11th Cir. 2017) (finding second factor weighed in defendants' favor because "defendants made only a nominal settlement offer"); *Guillaume v. Publix Supermarkets, Inc.*, No. 06-80721-CIV, 2008 WL 11406152, at *2 (S.D. Fla. Jan. 29, 2008), *report and recommendation adopted,* 2008 WL 11406157 (S.D. Fla. Feb. 19, 2008) (concluding defendant's "offer was for a nominal amount, and that the second *Sullivan* factor ha[d] been met"). Therefore, the second *Sullivan* factor arguably weighs in Defendant's favor. However, given the lack of concrete evidence and information on the settlement offer, I find that the second factor does not support either party.

Finally, the "particularly important" fourth factor – whether there was enough support for the claim to warrant close attention by the court – and the other facts and circumstances of this case also support a finding of frivolity. The Court fairly easily rejected Plaintiff's claims. For

7

instance, Plaintiff failed to respond to Defendant's Statement of Material Facts or file one of his own in contravention of Local Rule 56.1. [DE 49] at 2. Plaintiff also only offered his deposition transcript, his score (along with his fellow applicants') that Defendant assigned when applying for the Chief Utility Mechanic and Treatment Plant Mechanic II positions, a written reprimand against Plaintiff from Defendant, and bare conclusory statements to support his argument against Defendant's summary judgment motion. [DE 39].

In the end, Plaintiff's claims failed for multiple reasons. As to Plaintiff's discrimination claims, Plaintiff did not produce any evidence sufficient to identify any valid comparators. [DE 49] at 10–11. The comparators Plaintiff put forth did not have a history of interpersonal conflicts (unlike Plaintiff), and Plaintiff could not demonstrate that another comparator shared the same experience or educational background as him. *Id.* at 11. Nor did Plaintiff establish a "'convincing mosaic' of circumstantial evidence that would allow a jury to infer intentional discrimination by" Defendant. *Id.* at 12. Plaintiff did "not point to any statements or actions by Defendant's agents that he claims were racially coded," admitted "that he did not hear any racially charged statements in the decade he was employed by Defendant," and did not "allege systematically better treatment of similarly situated employees." *Id.* Instead, Plaintiff proffered conclusory statements "without a scintilla of evidence or a hint of citation in support." *Id.* at 10.

While evaluating Plaintiff's retaliation claim, the Court found that Plaintiff improperly attempted to "amend his theory of the case at the eleventh hour." *Id.* at 14. Even when the Court assumed that Plaintiff engaged in statutorily protected conduct, Plaintiff's claims failed because he was unable to "show a causal connection between the filing of this lawsuit and his failure to be promoted in January 2023." *Id.* Lastly, Plaintiff could not prove that retaliation was the but-for cause of the employment action. *Id.* at 15.

8

In short, the finding that Plaintiff's case was frivolous is not merely based on the fact that he lost on the merits at summary judgment. Rather Plaintiff's failure to provide any meaningful record support for his claims meant that his claims did not even require careful attention and review at that stage. Importantly, Plaintiff did not put the Court in a position where it could conduct such a careful review, as Plaintiff's failure to properly respond to Defendant's Motion for Summary Judgment left Defendant's facts effectively unopposed (although the Court still reviewed them to confirm they had support in the record).

Plaintiff's case may have lacked factual support because he failed to develop facts during discovery. While Plaintiff asserts in his Response that he performed "extensive discovery," [DE 57] at 4, the record belies Plaintiff's claim that he conducted "extensive discovery." Plaintiff only served one production request and eight interrogatories upon Defendant. [DE 57–1; 57–2]. Notably, the discovery requests Plaintiff did serve (attached as exhibits to his response to this Motion) did nothing to even attempt to identify and establish comparators for satisfying the *McDonnell Douglas* framework on which his summary judgment response ultimately sought to rely. Moreover, Plaintiff did not conduct any depositions. Defendant contends that Plaintiff set depositions for two of Defendant's employees three different times throughout this litigation but canceled (without explanation) either the day before or two days before. Plaintiff does not refute this characterization.

Ultimately, whether Plaintiff's case lacked factual support because he failed to develop those facts or because there were no supportive facts to develop in the first place is impossible for the Court to know due to the apparent lack of effort in discovery. Regardless, given the paucity of facts Plaintiff developed in discovery (as further reflected in his failure to adequately respond to Defendant's Motion for Summary Judgment), it should have been apparent to Plaintiff by the

9

close of discovery that his case was groundless. The fact that he continued to litigate the case through summary judgment further weighs in favor of finding frivolity.

## CONCLUSION

I find that at least three of the four relevant factors support a finding of frivolity, and the remaining factor does not weigh against such a finding. Furthermore, consideration of the facts and circumstances as a whole supports a finding of frivolity. Accordingly, this Court should find that Defendant is entitled to an award of reasonable attorney's fees against Plaintiff.

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion, [DE 53], be **GRANTED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 27th day of August 2024.

Jared M. Strauss
United States Magistrate Judge

10